**Clusener v Creative No. 3, LLC**

2025 NY Slip Op 31662(U)

May 7, 2025

Supreme Court, Nassau County

Docket Number: Index No. 620611/2024

Judge: Sharon M.J. Gianelli

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU – Commercial Division Part 7
Present: Hon. Sharon M.J. Gianelli

_____X

BRIGITTA CLUSENER,

                                Plaintiff,

       -against-

CREATIVE NUMBER 3, LLC, a New York limited
liability company and GARY GREY,

                           Defendants.

_____X

|  | |
|---|---|
| Index No.: 620611/2024 | |
| Motion Seq. 001 | |
| Decision and Order | |

Papers Submitted:
Notice of Motion, Affirmation,
Affidavit and Exhibits in Support_____X
Memorandum of Law, Affirmation
and Exhibit in Opposition_____X

Plaintiff, Brigitta Clusner, ("Plaintiff") moves for an Order pursuant to CPLR 3213,

granting Plaintiff judgment in the amount of $760,999.42 as a result of a breach of the

terms of a Promissory Note executed by Defendants Creative Number 3, LLC ("Creative

LLC") and Gary Grey ("Grey") (collectively "Defendants"). Defendants oppose the

motion.

On October 19, 2020, Plaintiff and Defendant Creative LLC entered into a purchase

money mortgage agreement. Subsequently, Defendant Creative LLC duly executed a

Promissory Note in the amount of $750,000.00, payable to Plaintiff. Defendant Grey

executed a guaranty dated October 19, 2020, obligating Defendants, jointly and

severally to remain responsible for all payments due to Plaintiff under the terms of the

[* 1]

Promissory Note, including but not limited to, the repayment of the $750,000.00 principal loaned by Plaintiff.

Pursuant to the Promissory Note, Defendants were obligated to pay on a schedule of the First of each month until October 1, 2027. Plaintiff alleges that Defendants made sporadic payments and did not follow the payment schedule as set forth in the Promissory Note. Plaintiff served payoff default statements to Defendants dated March 15, 2023, October 26, 2023 and February 16, 2024 by certified mail.

Plaintiff now seeks to recover $680,140.23 in unpaid principal, the interest due thereon in the amount of $35,544.41, monthly late fees in the amount of $3,124.20, unpaid real estate taxes paid by the lender in the amount of $33,709.82, plus legal fees in the amount of $8,480.76 totaling $760,999.42, plus pre-judgment interest on all amounts awards and costs and disbursements in this action including reasonable attorney's fees.

*Law/ Analysis*

CPLR 3213 provides that a plaintiff may serve a summons and notice of motion for summary judgment with supporting papers in lieu of a complaint where the underlying action is based upon an instrument for the payment of money only or upon any judgment. "An instrument for the payment of money only is one that contains an unconditional promise to pay a sum certain, signed by the maker and due on or at a definite time" (*Oak Rock Fin., LLC v. Rodriguez*, 148 AD3d 1036, 1039 [2d Dpt. 2017] quoting *Weissman v. Sinorm Deli*, 99 NY2d 437, 444 [1996]). The instrument does not qualify if outside proof is needed, other than simply proof of nonpayment or a similar de

2

[* 2]

minimis deviation from the face of the document (*see id.* at 444; *see also Beal Bank v. Melville Magnetic Resonance Imaging*, 270 A.D.2d 440, 441 (2d Dept 2000).

"Once the plaintiff submits evidence establishing these elements, the burden then shifts to the defendants to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (*Am. Realty Corp. of NY v. Sukhu*, 90 AD3d 792).

Defendants argue that Defendant Grey has not defaulted under the terms of the guaranty. Defendants argues that according to the terms of the guaranty executed by Defendant Grey, Plaintiff can only pursue Defendant Grey if a deficiency judgment obtained after a foreclosure sale, is entered against Defendant Creative LLC. Defendants assert that Plaintiff has not commenced a foreclosure action. Defendants further argue that the maturity date under the Promissory Note is October 1, 2027 and therefore, Plaintiff does not have the right to bring this proceeding. Lastly, Defendants assert that the Promissory Note makes reference to the mortgage dated October 1, 2020 and this reference removes the Promissory Note from qualification under CPLR 3213.

Here, the Court finds that Plaintiff established its prima facie entitlement to summary judgment with respect Defendant Creative LLC only. Defendants failed to raise a triable issue of fact with respect to the Promissory Note. However, the guaranty executed by Defendant Grey does not qualify for accelerated judgment under CPLR 3213 as it requires outside proof (*see Beal* Bank, 270 A.D.2d 440, 441 [2d Dept 2000]).

3

[* 3]

Accordingly,

It is

ORDERED, that Plaintiff's motion for an Order granting Summary Judgment in Lieu of Complaint in favor of Plaintiff, is Granted as against Defendant Creative Number 3, LLC, only; and

It is

ORDERED, that an Inquest shall be held to assess damages due to Plaintiff; and

It is

ORDERED, that Plaintiff serve a Note of Issue, together with a copy of this Order upon Defendant, Creative Number 3, LLC, by certified mail, return receipt requested, and shall serve copies of same together with receipt of payment, upon the Calendar Clerk of this Court within twenty (20) days of the date of this Decision and Order; and

It is

ORDERED, that upon proof of the Note of Issue filing, an Inquest to assess Plaintiff's damages shall be held In-Person on June 16, 2025 at 11:30 a.m. at Nassau County Supreme Court 100 Supreme Court Drive, Mineola, NY 11501; and

It is

ORDERED, that Plaintiff's motion for an Order granting Summary Judgment in Lieu of Complaint in favor of Plaintiff as against Defendant Gary Grey, is Denied.

4

All applications not specifically addressed herein are denied.


This constitutes the Decision and Order of the Court.


Dated: Mineola, New York
     May 7, 2025

Sharon M. J. Gianelli
Justice of the Supreme Court

5